STATE OF NORTH CAROLINA v. ROOSEVELT MORNES

No. 7126SC138

(Filed 28 April 1971)

**Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

In a prosecution charging defendant with the felonious breaking or entering of a hardware store and with the larceny of a lawn mower therefrom, the State's evidence was sufficient to withstand defendant's motion for a directed verdict of not guilty.

APPEAL by defendant from *Beal, Special Superior Court Judge,* 9 November 1970 Special Criminal Session, MECKLENBURG Superior Court.

Defendant was tried on a bill of indictment containing two counts: one of felonious breaking or entering and a second count charging felonious larceny pursuant to a felonious breaking or entering. From a verdict of guilty and judgment thereon, the defendant, represented by his court-appointed attorney, appealed.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

VAUGHN, Judge.

The sole assignment of error is that the court erred in denying defendant's motion for a directed verdict of not guilty. Evidence for the State tended to show the following. At 2:50 a.m. on 29 August 1970 the defendant was observed pushing an orange-red electric lawn mower down a sidewalk on South Mint Street in Charlotte, North Carolina, about two blocks from the building in which the Little Hardware Company, Inc. was located. The price tag was still on the mower. Shortly thereafter, inspection of the hardware store disclosed that a plate glass window had been broken in the front of the store. An officer of the hardware company was called to the scene. He identified the mower as being one that he had placed in the show window on "the afternoon before it was stolen." He identified the mower by model number and by the letter "A" which he had personally marked on the bottom of the mower before placing

it in the window. The mower found in the possession of the defendant along with another mower was in the show window when he locked and left the store about 6 p.m. on 28 August 1970. The other mower was found two days later under some bushes behind the store. The evidence was sufficient to withstand defendant's motion and his assignment of error is overruled. In the entire trial we find no error.

No error.

Judges BROCK and MORRIS concur.